# IN THE MATTER OF THE ADOPTION OF FRANCES JOSEPHINE FAY.[1]

December 31, 1920.

No. 22,107.

**Parent and Child.**

A decree of adoption of an orphan was entered without giving notice to the child's maternal grandparents (see G. S. 1913, § 7155, and Laws 1917, c. 222), and the trial court refused to set the decree aside on the application of the grandparents on the sole ground that there was no want of jurisdiction. That refusal was reversed by the supreme court. *Held*: It is of the highest importance to a child that none but fit persons should assume the place of parents to it. And none are as likely to be interested in seeing that the prospective adoptive parents are fit and proper as such near kindred as a child's grandparents. [Reporter.]

Charles G. Stewart obtained from the district court for Dakota county an order directing Thomas Francis Kelley and his wife, Stella Fay Kelley, to show cause why the decree for the adoption of Frances Josephine Fay should not be set aside and an order made authorizing and directing Thomas Francis Kelley and Stella Fay Kelley to deliver to Charles G. Stewart the child and giving him the care, custody and control of her. From an order, Converse, J,. dismissing the order to show cause, C. G. Stewart appealed. Reversed and remanded.

*David L. Grannis* and *R. Edison Barr*, for appellant.
*Alfred E. Rietz* and *Albert Schaller*, for respondent.


PER CURIAM.

A decree was entered on May 15, 1920, for the adoption of Frances Josephine Fay, an orphan three years old, by Thomas Francis Kelley and his wife, a sister of the child's deceased father. The petition was in proper form and disclosed that the child's maternal grandparents, Charles G. Stewart and wife, resided at Casper, Wyoming. All the proceedings leading up to the decree were regular and in conformity to law, except that no notice was given the Stewarts, and they knew nothing of the adoption until the receipt of a letter, dated May 21, 1920, from the petitioner's attorney. Thereupon an application was promptly made by Mr. Stewart to vacate the decree, and for the care and custody of the child. It was alleged that the Kelleys, because of their roving disposition, were not proper persons to

have the child. On the hearing of the application, the court took the view, in which the attorneys seem to have acquiesced, that the decision should turn upon the proposition whether or not the court had jurisdiction to enter the adoption decree, there having been no notice to the Stewarts, and it not appearing from the record that the court had determined that it was not "just and practicable" to give notice to them. The court held the decree valid and denied the application.

In adoption cases section 7155, G. S. 1913, as amended by chapter 222, p. 336, Laws 1917, prescribes the steps to be taken to give the court jurisdiction. It reads: "When the parents of any minor child are dead or have abandoned him, and he has no guardian in the state, the court shall order three weeks' published notice of the hearing on such petition to be given; the last publication to be at least ten days before the time set therefor. In every such case the court shall cause such further notice to be given to the known kindred of the child as shall appear to be just and practicable; provided that if there be no duly appointed guardian, a parent who has lost custody of a child through divorce proceedings, and the father of an illegitimate child who has acknowledged his paternity in writing or against whom paternity has been duly adjudged shall be served with notice in such manner as the court shall direct in all cases where the residence is known or can be ascertained."

In support of the validity of the judgment it may be assumed that the court determined that no further notice than the one published was just and practicable. And we are not disposed to disagree with the learned trial court that the record does not disclose want of jurisdiction. But at the same time we cannot fail to note the clear purpose of the statute to provide for notice of the adoption hearing to the kindred of a child, particularly so in the case of an orphan. It is of the highest importance to a child that none but fit persons should assume the place of parents to it. And none are as likely to be interested in seeing that the prospective adoptive parents are fit and proper than such near kindred as a child's grandparents. When it appeared here that the Stewarts had no notice, and that they acted promptly after knowledge of the proceeding, the court should have been quick to exercise his discretion and opened the decree. Especially so, since his memorandum expresses regret that notice was not given. The application states sufficient facts for the exercise of judicial discretion. In the interest of the child and to safeguard its future, we deem it best to brush aside the technical stand taken by court and counsel to let the decision turn upon the one point of the validity of the decree, and permit its vacation, to the end that there may be a rehearing of the adoption petition on its merits. No statutory costs will be allowed.

The order is reversed and the cause remanded with direction to proceed in conformity with the views herein expressed.